**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHANNON J. GRIFFITH,

    Petitioner,                                 Civil No. 05-72228-DT
                                           HONORABLE PATRICK J. DUGGAN

v.

THOMAS BIRKETT,

    Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 17, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Shannon J. Griffith, ("Petitioner"), presently confined at the Standish Maximum Correctional Facility in Standish, Michigan has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for assault with intent to commit armed robbery, in violation of MICH. COMP. LAWS ANN.§ 750.89, and being a second-felony habitual offender, in violation of MICH. COMP. LAWS ANN.§ 769.10. On December 7, 2005, Respondent filed a Motion for Summary Judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed several responses to the Motion, as well as a "Motion to Correct," which relates to the timeliness issue. For the reasons set forth

1

below, the application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

## I. Background

Petitioner was convicted of the above offense following a jury trial in the Ogemaw County Circuit Court.

Petitioner's direct appeals ended on December 30, 1997, when the Michigan Supreme Court denied Petitioner's application for leave to appeal from the affirmance of his conviction by the Michigan Court of Appeals on his appeal of right. *People v. Griffith*, 456 Mich. 911, 572 N.W.2d 659 (1997).

On December 3, 1998, Petitioner signed and dated his first petition for a writ of habeas corpus with the federal district court.[1] The petition was dismissed without prejudice on January 20, 1999, so that Petitioner could exhaust his state court remedies. *Griffith v. Michigan Department of Corrections,* U.S.D.C. No. 99-CV-2 (W.D. Mich. Jan. 20, 1999). The United States Court of Appeals for the Sixth Circuit denied Petitioner a certificate of appealability and dismissed the appeal. *Griffith v. M.D.O.C.,* U.S.C.A. No. 99-1242 (6th Cir. Oct. 29, 1999), *reh. den.* Dec. 14, 1999.

Petitioner filed a post-conviction motion for relief from judgment with the trial court on January 15, 2003. After the trial court denied relief, the Michigan Court of Appeals denied Petitioner's application for leave to appeal on April 29, 2004. *People v.*

---

[1] Petitioner has attached a copy of his first habeas petition as an exhibit to his current petition. The petition is signed and dated December 3, 1998. Under the prison mailbox rule, this Court will assume that Petitioner actually filed his first habeas petition on the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001).

*Griffith*, No. 253948 (Mich. Ct. App. Apr. 29, 2004). The Michigan Supreme Court rejected Petitioner's application for leave to appeal on June 25, 2004, because it was filed outside of the fifty-six day time limit for filing applications for leave to appeal. [2] The instant petition was signed and dated May 25, 2005. [3]

## II. Discussion

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002). The AEDPA, provides, in pertinent part:

> (d)(1) A 1-year one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or

---

[2] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated November 2, 2005 [this Court's Dkt. # 33].

[3] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on this date. *Neal*, 137 F. Supp. 2d at 882 n.1.

> claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's direct appeals with the Michigan courts were completed on December 30, 1997, when the Michigan Supreme Court denied his application for leave to appeal. Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety-day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final on March 30, 1998, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Consequently, Petitioner had until March 30, 1999, to timely file his petition in compliance with the statute of limitations unless the one-year period was somehow tolled.

Petitioner filed a petition for writ of habeas corpus with the United States District Court for the Western District of Michigan on December 3, 1998, which was dismissed without prejudice on January 20, 1999. In his Motion to Correct, as well as in his response to the Motion for Summary Judgment, Petitioner contends that his instant petition is timely, because it relates back to this earlier habeas petition. The "relation back" rule contained in Rule 15(c) of the Federal Rules of Civil Procedure is inapplicable

4

when the initial habeas petition was dismissed, because there is no pleading to which to relate back. *See Warren v. Garvin*, 219 F.3d 111, 113-14 (2d Cir. 2000); *Jones v. Morton*, 195 F.3d 153, 160-61 (3d Cir. 1999); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999). When a habeas petition is dismissed without prejudice for failure to exhaust state court remedies, a subsequent petition filed after exhaustion is completed is not considered an amendment to the prior petition but is deemed a new action. *Jones*, 195 F.3d at 160-61. Therefore, because Petitioner's 1999 petition was dismissed and because the district court did not expressly or impliedly retain jurisdiction over the petition, his current habeas petition does not "relate back" to that petition. *See Henry*, 164 F.3d at 1241.

The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002)).

In this case, Petitioner filed a motion for relief from judgment with the state trial court more than three years after the Sixth Circuit had dismissed Petitioner's appeal from the dismissal of his original habeas petition. Because Petitioner waited more than thirty days following the dismissal of his first habeas petition to return to the state courts to

5

initiate post-conviction proceedings, the Court does not believe that he is entitled to equitable tolling of the limitations period. Moreover, Petitioner did not file the instant petition with this Court until eleven months after the Michigan Supreme Court had rejected his post-conviction appeal as being untimely filed. Because Petitioner did not re-file this habeas petition within thirty days of the conclusion of post-conviction review in this case, the Court does not believe that he is entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court. *See Palmer*, 276 F.3d at 781-82; *see also Godbolt v. Russell*, 82 Fed.Appx. 447, 452 (6th Cir. 2003). The instant petition is therefore untimely.[4]

Petitioner has filed a number of responses to the Motion for Summary Judgment, and has also addressed the statute of limitations in his Motion to Correct, contending that the limitations period should be equitably tolled for various reasons. The one-year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit also noted that the doctrine of equitable tolling should be used

---

[4] Even assuming that the Court tolled the limitations period for the entire time Petitioner's first habeas petition was pending, 248 days had already elapsed when Petitioner filed his first petition. Equitable tolling would have ended, at the very latest, on December 14, 1999, when the Sixth Circuit denied Petitioner's motion for rehearing from the dismissal of his appeal. Thus, Petitioner would have had 117 days remaining (or until April 9, 2000) to either re-file his habeas petition or to return to the state courts to initiate post-conviction proceedings. However, in this case, Petitioner waited until January 15, 2003 to file a post-conviction motion for relief from judgment in the state court.

"sparingly," *Dunlap*, 250 F.3d at 1008-09, and that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.

First, Petitioner argues that the limitations period should be equitably tolled because the Michigan Supreme Court refused to allow Petitioner to file his own *pro se* application on his direct appeal, in violation of his right of self-representation, instead "forcing" Petitioner to be represented by appellate counsel. Even if the Michigan Supreme Court somehow violated Petitioner's right of self-representation on his direct appeal, this did not have a causal connection to Petitioner's inability to timely file his habeas petition, in light of the fact that this alleged denial occured prior to the commencement of the limitations period. *Cf. Gaston v. Palmer,* 417 F.3d 1030, 1034 (9th Cir. 2005)(habeas petitioner's self-representation on direct appeal did not equitably toll limitations period for filing habeas application, where there was no causal connection between petitioner's self-representation and his inability to file his federal habeas application).

Second, Petitioner argues that the limitations period should be tolled because he had difficulty obtaining his trial transcripts to file his post-conviction motion. However, a habeas petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings and would not equitably toll the limitations period for filing a petition for writ of habeas corpus. *Gassler v. Bruton*, 255

7

F.3d 492, 495 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." *Grayson*, 185 F. Supp. 2d at 752 (citing to *Gassler*, 255 F.3d at 495). In this case, Petitioner could have timely filed a post-conviction motion for relief from judgment with the state trial court, after which the trial court could have ordered production of the transcripts. *See id.*

Third, Petitioner argues the limitations period should be equitably tolled because his legal documents and materials were stolen or confiscated by prison officials. The intentional confiscation of a habeas petitioner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling of the AEDPA's limitations period. *See Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000). However, a habeas petitioner's "bare assertion" or "unsupported allegation" that prison officials confiscated his habeas petition or other legal materials is insufficient to justify tolling of the limitations period. *See Mateos v. West*, 357 F. Supp. 2d 572, 577 (E.D.N.Y. 2005). In this case, Petitioner has provided nothing other than conclusory allegations that his legal materials were confiscated by prison officials.

Finally, Petitioner appears to argue that the limitations period should be equitably tolled because he is actually innocent. The Sixth Circuit held that the one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995). *See Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a

petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup,* 513 U.S. at 327).  For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F.3d at 590.  The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F.3d at 590 (quotation omitted).  Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup*, 513 U.S. at 321).

In this case, Petitioner is not entitled to have the limitations period tolled because other than his unsupported, self-serving statements, Petitioner has offered no affidavits or other documentary evidence in support of his claims of actual innocence. *See Herbert v. Jones*, 351 F. Supp. 2d 674, 678-79 (E.D. Mich. 2005).

The Court will therefore dismiss the petition for writ of habeas corpus.  At this time the Court shall also make a determination as to any certificate of appealability that may be requested by Petitioner.  28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides that: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  However, when a petition is denied on procedural grounds, a somewhat different standard applies*. See*

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). In such cases, a certificate of appealability shall issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* As the Court does not believe that jurists of reason would find it debatable whether the Court was correct in finding that the instant petition is barred by the statute of limitations, the Court shall deny any request for a Certificate of Appealability. *Hunt*, 174 F. Supp. 2d at 568.

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Correct [Dkt. # 8] is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                                        s/PATRICK J. DUGGAN
                                                        UNITED STATES DISTRICT COURT

Copies to:

Shannon J. Griffith, #165268
Standish Maximum Correctional Facility
4713 West M-61
Standish, MI 48658

William C. Campbell, A.A.G.

11